**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

YAKOV GOKH,                                    )
                                               )
          Petitioner,                          )
                                               )
v.                                             )          Case No. CIV-26-295-SLP
                                               )
FRED FIGUEROA, et al.,                         )
                                               )
          Respondents.                         )

**O R D E R**

Before the Court is the Report and Recommendation (R&R) [Doc. No. 18] of United

States Magistrate Judge Shon T. Erwin, recommending the Court grant Petitioner's request

for habeas relief pursuant to 28 U.S.C. § 2241.  Respondents have filed an Objection [Doc.

No. 19] and the matter is at issue.[1]  The Court reviews de novo any portion of the R&R to

which Respondents have made *specific* objections.[2]  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72(b)(3).  Having conducted that review, and for the reasons that follow, the Court adopts,

in part, the R&R and grants, in part, the Petition.

---

[1] Citations to the parties' briefing submissions and record reference the Court's ECF pagination.

[2] In their Objection, Respondents state they "expressly re-assert and adopt by reference the arguments set forth in their Response . . . ."  *See* Obj. [Doc. No. 19] at 1.  Respondents' attempt to incorporate by reference the entirety of the arguments raised in their Response [Doc. No. 15] is not a *specific* objection to the findings and conclusions of the Magistrate Judge.  Accordingly, the Court does not find such incorporation is sufficient to warrant de novo review as to those arguments.  *See Laber v. Hegseth*, No. 23-3157, 2025 WL 1511795, at *7 (10th Cir. May 28, 2025) (unpublished) (finding a party's incorporation of arguments from prior motion a "disfavored practice").

## I.    <u>Background</u>

Petitioner was born in the Soviet Union, in what is now Uzbekistan.  Petitioner and his family lawfully entered the United States as refugees on February 1, 1990.  Petitioner was granted lawful permanent resident status on February 13, 1991.[3] *See* Escoto Decl. [Doc. No. 16-1] at ¶ 4.

Between August 1996 and September 1997, Petitioner was convicted of burglary of a motor vehicle, unlawful delivery of a controlled substance, and unlawful possession of a controlled substance in Texas. *Id*. at ¶¶ 5-7.  As a result of the aggravated felony convictions, on September 22, 1997, Petitioner was ordered removed from the United States to Israel, or alternatively to Uzbekistan. *Id*. at ¶¶ 8-9. Both countries refused to issue travel documents to Petitioner because he was not a citizen of either country, and Petitioner was released on an Order of Supervision (OOS) on March 30, 1999. *Id*. at ¶¶ 12-14. Petitioner was again detained  by Immigration and Customs Enforcement (ICE) on May 2, 2000 after an arrest for assault. *Id*. at ¶ 15.  After being placed in Immigration and Naturalization Service (INS) custody on May 2, 2002, Petitioner was released on a new OOS on September 19, 2022. *Id*. at ¶¶ 19-20.  In June 2006, Petitioner was arrested for an assault and was placed into INS custody on August 26, 2006. Escoto Decl. [Doc. No. 16-1] at ¶ 23.  On April 5, 2007, Petitioner was released on another OOS, which is the

---

[3] Respondents submitted the Declaration of Daniel Escoto, a deportation officer employed by United States Immigration and Customers Enforcement (ICE), to establish certain facts relating to Petitioner's immigration status, ICE's efforts to remove Petitioner from the United States, and Petitioner's detention history. *See* Escoto Decl. [Doc. No. 16-1].

latest OOS that has been issued to Petitioner. Escoto Decl. [Doc. No. 16-1] at ¶ 25.[4] Nothing before the Court demonstrates that Petitioner violated any terms of the latest OOS.[5]

Between 2008 and 2019, Petitioner had four interactions with ICE Enforcement and Removal Operations (ERO) personnel. *Id*. at ¶¶ 25-29. In 2019, after being arrested for assault, Petitioner was encountered by ICE ERO, but no action was taken by ICE ERO as there was no significant likelihood of removal in the reasonably foreseeable future at the time of the encounter. *Id*. at ¶ 28.

While during a check-in with ICE on October 31, 2025, ICE ERO made a determination to revoke Petitioner's OOS and detain Petitioner pursuant to his final removal order. *Id*. at ¶ 30. On December 12, 2025, Petitioner completed a Russian travel document request, which was subsequently sent to ICE ERO headquarters for review. *Id*. at ¶ 33. An Uzbekistan travel document request was sent to the Consulate General of Uzbekistan on January 15, 2026. *Id*. at ¶ 34. The record before the Court does not include evidence that travel documents have been issued by either Russia or Uzbekistan, or that any country has agreed to accept Petitioner.

---

[4] As noted in the R&R, Respondents have not produced a copy of the OOS. *See* R&R [Doc. No. 18] at 2-3.

[5] While the Court finds that relief is warranted due to ICE's failure to adhere to its own regulations in revoking Petitioner's OOS, the Court notes Petitioner's prior criminal history. Certainly, any future violation of the conditions of Petitioner's release may result in revocation of his OOS. *See* 8 C.F.R. § 241.4(l)(1); 8 C.F.R. § 214.13(i)(1).

Petitioner was transferred to Oakdale Federal Detention Center on March 2, 2026, and was placed on a manifest for removal on March 9, 2026. *Id*. at ¶ 36. Petitioner was subsequently removed from the manifest because the flight was over its capacity. *Id*. Since March 11, 2026, the parties have not provided any update as to efforts to remove Petitioner nor his detention status.

Petitioner filed this habeas action on February 18, 2026. He advances multiple theories of relief. He argues that his detention is unlawful because ICE failed to comply with the regulatory requirements governing revocation of supervised release under 8 C.F.R. § 241.13(i). He further contends that that his continued detention violates his substantive and procedural due process rights, as well as Section 504 of the Rehabilitation Act.

## II.    **Discussion**

The Magistrate Judge concluded that habeas relief should be granted, in part. Specifically, the Magistrate Judge found that ICE failed to abide by its own regulations in 8 C.F.R. § 241.13(i) when it revoked Petitioner's OOS without demonstrating there were changed circumstances, i.e., a significant likelihood of Petitioner's removal in the reasonably foreseeable future before revoking his OOS and detaining him. R&R [Doc. No. 18] at 9-10. The R&R also found that ICE further violated its regulations by failing to provide Petitioner with an individualized post-detention interview as required by § 241.13(i)(3). *Id.* at 10-11. In the alternative, the Magistrate Judge found that ICE did not abide by the regulations set forth in 8 C.F.R. § 241.4. by not providing written notice and an informal interview upon detaining Petitioner. *Id*. at 11-15. The R&R recommends

the Petition be granted on regulatory grounds without reaching Petitioner's remaining claims.

In the Verified Petition [Doc. No. 1], Petitioner seeks relief, alleging that Respondents failed to comply with the requirements of 8 C.F.R. § 241.13(i). *See*, *e.g*, Pet. [Doc. No. 1] at ¶¶ 33-37. That allegations are uncontested. Respondents have not produced Petitioner's controlling OOS. Furthermore, Respondents provided no evidence to indicate his OOS was not otherwise governed by 8 C.F.R. § 241.13(i)(2) despite being ordered to provide documents "specific to Petitioner's current detainment, current bond hearings, [and] related past *orders for supervision. . . .*" *See* Order [Doc. No. 8] at 2.[6] Based on the record before the Court, the Court finds that Petitioner's claims are governed by 8 C.F.R. § 241.13(i).

Respondents do not object to the Magistrate Judge's conclusion that ICE violated 8 C.F.R. § 241.13(i)(2) by failing to establish changed circumstances justifying revocation of Petitioner's OOS. Accordingly, the Court concurs with the Magistrate Judge's findings and conclusions as to such issue.

Next, Respondents object to the R&R's conclusion that ICE's failure to comply with its own regulations warrants the immediate release of Petitioner. Respondents assert that release is a disproportionate remedy compared to the regulatory violations at issue and the Court cannot grant habeas relief under 28 U.S.C. § 2241(c)(3) where only regulatory

---

[6] Respondents generally state in their Objection that "Petitioner's revocation was revoked under § 241.4(l)(2). . . ." Obj. [Doc. No. 19] at 2. The Court rejects Respondents' proposition as it is underdeveloped and conclusory.

violations are alleged. *See* Obj. at 4-5. Notwithstanding the Respondents' objection, the undersigned and other judges within this judicial district have found that release is appropriate where Respondents have failed to demonstrate changed circumstances justifying revocation of an Order of Supervision under 241.13.(i)(2). *See Pham v. Bondi*, No. CIV-25-1157-SLP, 2025 WL 3243870, at *1 (W.D. Okla. Nov. 20, 2025); *see also, e.g., Tung Tran v. Blanche*, No. CIV-25-1357-G, 2026 WL 1181700, at *3 (W.D. Okla. April 30, 2026); *Ye v. Bondi*, No. CIV-25-1230-D, 2025 WL 3485420, at *3 (W.D. Okla. Dec. 4, 2025); *but see Bahadorani v. Bondi*, No. 25-CV-1091-PRW, 2025 WL 3048932 at **3-4 (W.D. Okla. Oct. 31, 2025). The Court concurs with the Magistrate Judge and finds that Petitioner is entitled to release due to Petitioner's failure to comply with 241.13(i)(2).

## III.   Conclusion

IT IS THEREFORE ORDERED as follows:

1.   The Court ADOPTS IN PART the Report and Recommendation [Doc. No. 18] and GRANTS IN PART the Petition for Writ of Habeas Corpus [Doc. No. 1].[7] Petitioner's remaining claims and requests for relief are DISMISSED WITHOUT PREJUDICE.

2.   The Court ORDERS that Petitioner be released from custody immediately, subject to the terms of his previous Order of Supervision.

---

[7] Petitioner's Motion to Expedite Ruling [Doc. No. 15] is DENIED as MOOT.

IT IS SO ORDERED this 19th day of May, 2026.

SCOTT L. PALK
CHIEF UNITED STATES DISTRICT JUDGE